**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ANTHONY REICH, | |
|      PLAINTIFF, | |
| | |
| v. | Case No. 4:15-cv-00002 |
| | |
| VAN RU CREDIT CORPORATION, | |
|      DEFENDANT | |
| | |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.  Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA").

## VENUE

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5.  The Plaintiff resides in this Judicial District.

## PARTIES

6.  The Plaintiff, Anthony Reich ("Plaintiff"), is an adult individual residing in Denton County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7.  Defendant Van Ru Credit Corporation ("Defendant") is a company operating from Des Plaines, Illinois.

8.  The Defendant can be served via its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX  78701.

9.  The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

11. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

12. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

14. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. The Plaintiff disputes the Account.

17. The Plaintiff requests that the Defendant cease all further communication on the Account.

2

18. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

19. The Defendant acted at all times mentioned herein through its employee(s).

20. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff to collect the Account.

21. During one such telephone call, Defendant's employee left a message on Plaintiff's work telephone voicemail system.

22. In the normal course of his day, Plaintiff listens to voicemails on his work voicemail system by playing the messages over the speakerphone and often in the presence of co-workers and subordinate employees.

23. After Defendant left the voicemail message in question on Plaintiff's work telephone voicemail system, Plaintiff listened to the message on speakerphone in the presence of co-workers and subordinate employees.

24. The message that Defendant left on plaintiff's work telephone did not contain a warning that the message contained personal information.  Consequently, Plaintiff did not know that this was a message that he should not listen to on speakerphone in the presence of other people.

25. At the end of the message, Defendant's employee said, "This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

26. Plaintiff's co-workers and subordinate employees overheard this statement.  At least one co-worker or subordinate employee made a non-verbal gesture acknowledging he heard the voicemail by making awkward eye contact with Plaintiff.

27. Plaintiff was humiliated and embarrassed when he immediately realized that co-workers and subordinate employees heard that he was allegedly behind on his financial obligations.

28. In a call to Plaintiff subsequent to the voicemail message described above, Defendant failed to provide meaningful disclosure of its identity, and specifically lied to Plaintiff in indicating that the caller was Cavalry Portfolio Services, but in fact it was Defendant.

29. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

30. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

31. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

33. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

34. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

35. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692c(b).

36. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

37. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k.

## RESPONDEAT SUPERIOR

38. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

39. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

40. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

41. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

42. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

43. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

44. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

45. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(c)(b) by disclosing the existence of the debt in question to a third party and § 1692d(6) by failing to provide Plaintiff with meaningful disclosure of Defendant's identity.

48. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

49. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

50. Judgment in favor of the Plaintiff and against the Defendant.

51. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k.

52. Actual damages pursuant to 15 U.S.C. 1692k.

53. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k.

54. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2015, a copy of the foregoing Motion was filed electronically and a copy of this motion will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

 /s/ Jeffrey D. Wood_____
Jeffrey D. Wood