IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANTHONY REICH,
    PLAINTIFF,

v.                                              Case No. 4:15-cv-00002

VAN RU CREDIT CORPORATION,
    DEFENDANT

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, VAN RU CREDIT CORPORATION ("Van Ru"), by and through its undersigned counsel, hereby states its answers and affirmative defenses to the Amended Complaint of Plaintiff, Anthony Reich, as follows

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

**ANSWER:**    Defendant admits that this Court has jurisdiction, but DENIES any violation of the FDCPA or any state law.

2.    Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Defendant admits that this Court has jurisdiction, but DENIES any violation of any federal or state law.

3.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "FDCPA").

**ANSWER:**    Deny.

## VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**ANSWER:** Defendant admits that venue is proper but denies the acts giving rise to this action occurred as stated below**.**

5. The Plaintiff resides in this Judicial District.

**ANSWER:** Admit.

## PARTIES

6. The Plaintiff, Anthony Reich ("Plaintiff"), is an adult individual residing in Denton County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

**ANSWER:** Defendant admits Plaintiff is an adult individual residing in Denton County, Texas, but denies the remaining allegations in Paragraph 6 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

7. Defendant Van Ru Credit Corporation ("Defendant") is a company operating from Des Plaines, Illinois.

**ANSWER:** Admit.

8. The Defendant can be served via its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

**ANSWER:** Admit.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER:** Defendant denies the allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

**ANSWER:** Deny.

11. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

**ANSWER:** Defendant denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

## FACTUAL ALLEGATIONS

12. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").

**ANSWER:** Defendant denies the allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

**ANSWER:** Deny.

14. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

**ANSWER:** Defendant admits the Account was placed with Defendant for collection but denies the remaining allegations in Paragraph 14.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

**ANSWER:** Defendant denies the allegations in Paragraph 15 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

16. The Plaintiff disputes the Account.

**ANSWER:** Defendant denies the allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

17. The Plaintiff requests that the Defendant cease all further communication on the Account.

**ANSWER:** Defendant denies the allegations in Paragraph 17 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

18. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

**ANSWER:** Admit.

19. The Defendant acted at all times mentioned herein through its employee(s).

**ANSWER:** Deny.

20. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff to collect the Account.

**ANSWER:** Admit.

21. During one such telephone call, Defendant's employee left a message on Plaintiff's work telephone voicemail system.

**ANSWER:** Admit.

22. In the normal course of his day, Plaintiff listens to voicemails on his work voicemail system by playing the messages over the speakerphone and often in the presence of co-workers and subordinate employees.

**ANSWER:** Defendant denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial

23. After Defendant left the voicemail message in question on Plaintiff's work telephone voicemail system, Plaintiff listened to the message on speakerphone in the presence of co-workers, and subordinate employees.

**ANSWER:** Defendant denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

24. The message that Defendant left on plaintiff's work telephone did not contain a warning that the message contained personal information. Consequently, Plaintiff did not know that this was a message that he should not listen to on speakerphone in the presence of other people.

**ANSWER:** Deny.

25. At the end of the message, Defendant's employee said, "This communication is from a debt collector attempting to collect a debt and any information obtained will be used for the purpose."

**ANSWER:** Admit.

26. Plaintiff's co-workers and subordinate employees overheard this statement. At least one co-worker or subordinate employee made a non-verbal gesture acknowledging he heard the voicemail by making awkward eye contact with Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 26 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

27. Plaintiff was humiliated and embarrassed when he immediately realized that co-workers and subordinate employees heard that he was allegedly behind on his financial obligations.

**ANSWER:** Deny.

28. In a call to Plaintiff subsequent to the voicemail message described above, Defendant failed to provide meaningful disclosure of its identity, and specifically lied to Plaintiff in indicating that the caller was Cavalry Portfolio Services, but in fact it was Defendant.

**ANSWER:** Deny.

29. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

**ANSWER:** Deny.

30. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

**ANSWER:** Deny.

31. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

**ANSWER:** Deny.

32. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

**ANSWER:** Deny.

33. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

**ANSWER:** Deny.

34. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

**ANSWER:** Deny.

35. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692c(b).

**ANSWER:** Deny.

36. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

**ANSWER:** Deny.

37. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k.

**ANSWER:** Deny.

### RESPONDEAT SUPERIOR

38. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

**ANSWER:** Admit.

39. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

**ANSWER:** Deny.

40. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

**ANSWER:** Deny.

41. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

**ANSWER:** Deny.

42. The representative(s) and/or collector(s) at the Defendant were under the direct supervisions of the Defendant at all times mentioned herein.

**ANSWER:** Deny.

43. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

**ANSWER:** Deny.

44. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

**ANSWER:** Deny.

45. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

**ANSWER:** Deny.

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692. et seq.

46. The previous paragraphs are incorporated into this Court as if set forth in full.

**ANSWER:** Defendant repeats and realleges its responses to the previous paragraphs.

47. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(c)(b) by disclosing the existence of the debt in questions to a third party and § 1692d(6) by failing to provide Plaintiff with meaningful disclosure of Defendant's identity.

**ANSWER:** Deny.

48. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

**ANSWER:** Defendant admits Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k but denies any violation of the FDCPA or state law occurred.

## JURY TRIAL DEMANDED

49. The Plaintiff is entitled to and hereby demands a trial by jury.

**ANSWER:** Defendant admits Plaintiff is entitled to and demands a trial by jury but denies any violation of the FDCPA or state law occurred.

## AFFIRMATIVE DEFENSES

1. The allegations of the Amended Complaint fail to state a claim against Defendant upon which relief can be granted.

2. This dispute may be subject to binding arbitration per the terms of the agreement between the original creditor and obligor.

3. Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4. Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not

willful and should not give rise to liability.

5. Plaintiff's claim(s) as alleged in the Amended Complaint are barred by the applicable statute of limitations.

**DATED: January 8, 2016**

Respectfully Submitted,

By:/s/ Dana Perminas
Attorney #6298057
Attorneys for Defendant
Messer, Stilp & Strickler, Ltd.
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-3476
perminas@messerstilp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2015, I electronically filed the foregoing with the Clerk of this District Court using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey D. Wood, Esq.
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX 75087
jeff@mmlaw.pro

By:/s/ Dana Perminas
Attorney #6298057
Attorneys for Defendant
Messer, Stilp & Strickler, Ltd.
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-3476
(312) 334-3434 (fax)
perminas@messerstilp.com
