IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANTHONY REICH,
    PLAINTIFF,

v.                                                Case No. 4:15-cv-00002

VAN RU CREDIT CORPORATION,
    DEFENDANT

### MOTION TO QUASH SUBPOENA

Defendant, Van Ru Credit Corporation ("Van Ru"), hereby moves this Honorable Court to quash the subpoena issued by Plaintiff, Anthony Reich, to Cavalry Portfolio Services ("Cavalry") in the above captioned matter, and in support of which states as follows:

### INTRODUCTION

This action arises out of Plaintiff's default on a credit card, formerly owed to HSBC Bank Nevada, N.A. then subsequently sold to Cavalry Portfolio Services. The account was later placed with Van Ru Credit Corporation for collection. Plaintiff alleges two violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") based on those collection efforts. First, Plaintiff alleges that Van Ru violated 15 U.S.C. § 1692c(b) by disclosing the existence of the debt to a third party. *See* D.E. 18, Amended Complaint, ¶47. Second, Plaintiff alleges that Van Ru violated § 1692d(6) by failing "to provide meaningful disclosure of its identity, and specifically lied to Plaintiff in indicating that the caller was Cavalry Portfolio Services." *Id.* ¶¶28, 47.

Cavalry is not a party to the action. Van Ru was provided a copy of a subpoena issued as to Cavalry on January 21, 2016. *See*, Exhibit A. The subpoena is unclear as to what it seeks,

1

specifically whether it only seeks production or testimony. Although "Production" was the box checked on the subpoena form, the subpoena was issued to a specific individual, names a time and place and states that the deposition will be "stenographically" recorded. *See,* Ex. A. The subpoena should be quashed for several reasons. First, the subpoena is procedurally improper pursuant to FRCP45(c). Second, the subpoena is untimely as discovery in this matter closed December 31, 2015 and further, any information sought should have been requested while discovery was still open.

## STANDARD

Rule 45 provides that, when a motion to quash such a subpoena is timely filed, the court must quash or modify the subpoena under the following circumstances: (1) the subpoena "fails to allow a reasonable time to comply," (2) the subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or (4) the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In the end, the decision to quash a subpoena lies within the broad discretion of the district court. *See, Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice or burden to the other party." *SEC v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006). The party seeking discovery must demonstrate "a compelling need for the information." *Id citing* (citing *Varel v. Banc One Capital Partners, Inc.,* 1997 WL 86457, at *5 (N.D. Tex. Feb. 25, 1997))

    I.    **PLAINTIFF'S SUBPOENA DOES NOT COMPLY WITH RULE 45(c)**

As for the location of compliance, Rule 45(c), in relevant part, states:

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

2

      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person…

      (2) For Other Discovery. A subpoena may command:

      (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person…

*See,* FRCP 45(c).

Cavalry is headquartered in Valhalla, New York. *See*, Calvary Company Overview, http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=10837157. Last visited January 26, 2016. Cavalry's general counsel is located in Valhalla, New York. Plaintiff's subpoena is unclear as to whether it only seeks production or is intended to order the deposition of Cavalry's counsel. Either way, the subpoena does not comply with Rule 45(c)'s 100 mile limitation for either testimony for a trial hearing or for production of documents. The subpoena lists Plaintiff's counsel's address in Little Rock, Arkansas as the location for compliance. Little Rock, Arkansas is 1,265 miles away from Valhalla, New York and thus, far outside of the 100 miles requirement imposed by Rule 45(c). Therefore, the subpoena is improper and must be quashed.

    **II.**    **The Subpoena is Untimely**

Discovery in this matter closed on December 31, 2015. D.E. 15. Plaintiff issued the subpoena to Cavalry on January 21, 2016, thus that subpoena is untimely. No new information has been provided to Plaintiff warranting allowance of the untimely subpoena. From the start, Plaintiff disputed opening the account. In August of 2015, Plaintiff was served with discovery requests demanding that he produce documentation showing what the debt was incurred for. He

failed to do so. When Plaintiff was deposed on October 19, 2015 he changed his position that he did not open the account but could not state with certainty what purchases were made on the account. *See,* D.E. 35-11, P. 30, L.21-25.  At the deposition, Counsel for Defendant again requested that Plaintiff supplement his discovery responses and produce documentation on the account showing what the debt was incurred for. Notwithstanding those requests made on Plaintiff while discovery was still open, he waited until January 21, 2016, twenty one days after discovery closed, to issue the subpoena to Cavalry.  There is no information in Cavalry's possession that Plaintiff could not have already requested while discovery was open.  Therefore, as the subpoena is untimely, it must be quashed.

WHEREFORE, Defendant Van Ru Credit Corporation, hereby prays that this Honorable Court quash the subpoena issued to it by Plaintiff in this matter and for any other relief this Honorable Court deems just.

                                                    Respectfully submitted,

                                                    **VAN RU CREDIT CORPORATION**

Dated:  January 26, 2016              By:    /s/ Dana Perminas
                                                         Attorney #6298057
                                                         Attorney for Defendant
                                                         Messer, Stilp & Strickler, Ltd.
                                                         166 W. Washington, Suite 300
                                                         Chicago, IL 60602
                                                         (312) 334-FIRM (3476)
                                                         (312) 334-3404 (fax)
                                                         perminas@messerstilp.com

**CERTIFICATE OF CONFERENCE**

Defendant's counsel, Dana Perminas has complied with the meet and confer requirement in LOCAL RULE CV-7(h) by personally conferring via telephone with counsel for Plaintiff, Jeff Wood on Friday, January 22, 2016.  Counsel for Plaintiff advised counsel for Defendant that Plaintiff opposes this motion.  As such, the parties' discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ Dana Perminas
Dana Perminas

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2016 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

By: s/ Dana Perminas
Attorney #6298057
Attorney for Defendant
Messer, Stilp & Strickler, Ltd.
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (fax)
perminas@messerstilp.com