# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY REICH | § | |
| | § | |
| v. | § | Civil Action No. 4-15-CV-2 |
| | § | Judge Mazzant |
| VAN RU CREDIT CORPORATION | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #35) and Plaintiff's Motion Summary Judgment (Dkt. #36).  Having considered the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

On September 9, 2016, Plaintiff Anthony Reich ("Reich") filed his First Amended Complaint (the "Complaint") (Dkt. #18) asserting that the Van Ru Credit Corporation ("Van Ru") violated the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692c(b).[1]  In the Complaint, Reich asserts that before the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (the "Account"), which subsequently went into default and was transferred to Van Ru for collection (Dkt. #18 at ¶¶ 12-14).  Van Ru made calls to Reich to collect on the Account, and during one such phone call, Van Ru left a message on Reich's work phone's voicemail system (Dkt. #18 at ¶¶ 20-21).  Reich states that "[a]fter Defendant left the voicemail message in question on Plaintiff's work telephone voicemail system, Plaintiff listened to the message on speakerphone in the presence of co-workers and subordinate employees." (Dkt. #18 at p. ¶ 23).

---

[1] The Complaint also states a claim that Van Ru violated section 1692d(6) of the FDCPA (Dkt. #18 at p. 6). However, Reich has abandoned this claim and the Court need not address it (Dkt. #40 at p. 2).

Reich maintains that because the message did not contain a warning that it contained personal information, he had no way of knowing that he should avoid playing it on speakerphone in front of his co-workers (Dkt. #18 at ¶ 25).  At the end of the message, Van Ru's employee stated that "[t]his communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose." (Dkt. #34 at ¶ 25).  Reich alleges that at least one co-worker heard the message because he "made a non-verbal gesture acknowledging he heard the voicemail by making awkward eye contact with Plaintiff." (Dkt. #18 at ¶ 26).  Reich asserts that he was humiliated by these events (Dkt. #18 at ¶ 27).[2]

On January 8, 2016 Van Ru filed its Motion for Summary Judgment (Dkt. #35).  On January 28, 2016 Reich filed his Amended Response (Dkt.. #40).  On February 4, 2016, Van Ru filed its reply (Dkt. #41).

Also on January 8, 2016, Reich filed his Motion for Summary Judgment (Dkt. #36).  On January 25, 2016, Van Ru filed its response (Dkt. #37).  On February 4, 2016, Reich filed his reply (Dkt. #42).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[2] Van Ru seeks to have Reich's Statement of Undisputed Facts paragraphs 4, 6, 9, 16, and 44 and Statement of Additional Facts paragraph 1 stricken and Van Ru's Statement of Undisputed Facts deemed admitted (Dkt. #41 at p. 4).  Van Ru argues that these paragraphs do not comply with the Federal and Local Rules (Dkt. #41 at p. 4). Specifically, Van Ru objects to paragraphs 4, 9, 16, 44, and paragraph 1 and asks that they be stricken because they do not "include any citation to the record or to proper summary judgment evidence as required." (Dkt. #41 at p. 4). The Court finds that paragraphs 4, 9, 16, and 44 relate to the characterization of the evidence cited in the paragraphs to which they are responding.  Additionally, it appears that paragraph 1 is referring to Exhibit 1, which was attached to Reich's response (Dkt. #35 at p. 10).  Therefore, the Court will not strike these paragraphs.

Van Ru also objections to paragraph 6 because it claims that the evidence that Reich cites in support of his opposition to paragraph 6 is irrelevant (Dkt. #41 at p. 4).  However, the Court finds that the evidence Reich cites is relevant.  The letter expressly states that the FDCPA applies to the account at issue, which may be probative of how the credit company characterized the debt (Dkt. #20 at Ex. 1).  Therefore, the Court will not strike this paragraph.

"[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United*

*States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### *Consumer Debt*

After a careful review of the record and the arguments presented, the Court is not convinced that Reich or Van Ru have met their burden demonstrating that there is no material issue of fact entitling them to judgment as a matter of law. This issue should proceed to trial.

### *Liability under 1692c(b)*

The parties are in disagreement about what standard applies for determining whether or not a FDCPA violation has occurred (Dkt. #40 at p. 11). Reich argues that "it is well settled law that the FDCPA is a 'strict-liability statute' that makes debt collectors liable even for inadvertent violations." (Dkt. #40 at p. 12 (citing *Thompson v. Diversified Adjustment Serv., Inc.*, No. CIV.A. H-12-922, 2013 WL 3973976, at *4 (S.D. Tex. July 31, 2013))). Reich further explains that "[a]lthough the FDCPA is largely a strict-liability statute, there are portions where the standard of liability decreases to 'intentional' by requiring an intent showing by a Plaintiff." (Dkt. #40 at p. 12 (citing 15 U.S.C. § 1692d(5) (making it a violation of the FDCPA to cause "a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.") (emphasis added))). Reich points out that "[s]ection 1692c(b) lacks such language." (Dkt. #40 at p. 12 (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 n.11 (9th Cir. 2006) ("Congress took care to require an element of knowledge or intent in certain portions of the FDCPA where it deemed such a requirement necessary[.]") (citation omitted))).

Van Ru cites *Mostiller v. Chase Asset Recovery Corp.*, in support of its argument that a reasonableness standard should apply instead of strict liability.   No. 09-CV-218A, 2010 WL 335023, at *3 (W.D.N.Y. Jan. 22, 2010) (rejecting "claims of damages related to the overhearing of defendant's message.").   *Mostiller* belongs to a line of district court cases from other jurisdictions that decline to extend the FDCPA to inadvertent communications.  In *Mostille*r, the court explained that "[t]he FDCPA was intended to protect against deliberate disclosures to third parties as a method of embarrassing the consumer," rather than to "protect against the risk of an inadvertent disclosure that could occur if another person unintentionally overheard the messages left on [a plaintiff's] voicemail."  *Id.* (quoting *Mark v. J.C. Christensen & Assocs., Inc.*, No. 09 CV 100, 2009 WL 2407700, at *5 (D. Minn. Aug. 4, 2009)); *see also Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 281 F. Supp. 2d 1156, 1164 (N.D. Cal. 2003).   "These cases essentially immunize debt collectors from liability under 15 U.S.C. § 1692c(b) unless the debt collectors have 'reason to suspect' that a third party would overhear the message." *Marisco v. NCO Fin. Sys., Inc.*, 946 F. Supp. 2d 287, 294 (E.D.N.Y. 2013) (citing *Clayson v. Rubin & Rothman, LLC*, 751 F. Supp. 2d 491, 496 (W.D.N.Y. 2010)).

Van Ru also cites the decision in *Peak* as support for its argument that a reasonableness standard should be applied (Dkt. #35 at pp. 14-15).  In *Peak*, the defendant debt collector left the plaintiff a voice message on her cellular phone which noted that the call was from a debt collector.  *Peak v. Prof'l Credit Serv*., No. 6:14-CV-01856-AA, 2015 WL 7862774, at *5 (D. Or. Dec. 2, 2015), *appeal dismissed* (Jan. 22, 2016).  The plaintiff listened to the message at work using the speaker function of her cellular phone in the employee break room.  *Id.*  As the defendant's message played, her manager entered the room and overheard the message.  *Id.*  The plaintiff alleged that the defendant violated the FDCPA by communicating with a third party in

connection with the collection of a debt without the plaintiff's consent, in violation of section 1692c(b). *Id.* Relying on FTC commentary, the district court granted summary judgment in the defendant's favor on the section 1692c(b) claim. *Id.* at *5. The *Peak* court determined that it was not reasonably foreseeable that the message would be overheard by the plaintiff's manager because (1) the message was left on a cellular phone; (2) the plaintiff's outgoing message identified her, and only her, as the owner of the phone, and (3) the plaintiff provided the number to the defendant as the "best" number to reach her. *Id.* at *6.

However, the Court agrees with Reich that *Peak*, as well as the line of cases associated with *Mostiller*, defy "long-standing law" (Dkt. #42 at p. 6). *See Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012) ("The FDCPA is generally characterized as a strict liability statute because it imposes liability without proof of an intentional violation." (quotation marks and citation omitted)); *McLean v. Ray*, 488 F. App'x 677, 682 (4th Cir. 2012) ("The FDCPA is a strict liability statute that . . . certain abusive debt collection practices"); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector."); *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1099 (9th Cir. 2012) (stating that " the FDCPA imposes certain requirements on debt collectors and imposes strict liability for violations."); *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270-71 (11th Cir. 2011) ("The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional."); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (stating that the FDCPA imposes strict liability but an exception "exists only where a debt collector commits a violation resulting from a "bona fide error"); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) (finding that violations of the FDCPA, the intent on the part of the debt

collector, "need not be deliberate, reckless, or even negligent to trigger liability."). The Court finds that the *Mostiller* line of cases is unpersuasive, especially when compared to the many cases that have found that the FDCPA is a strict liability statute.[3]

Peak sought to differentiate itself from prior precedent by stating that in prior cases that have held that the strict liability standard applies, defendants have only argued that an intent or knowledge standard is applicable. 2015 WL 7862774, at *5. The *Peak* court went on to say that since the defendant was asserting that a negligence standard was applicable, the case before it was different. *Id.* at *5. However, the Court is not persuaded by the *Peak* court's explanation of why the applicable standard would be different when a defendant advocates for an intent standard than when a similarly situated defendant argues for a negligence standard. *Id.* at *6 (concluding that "a communication is [only] 'with' a third party under 15 U.S.C. §1692c(b) if it was reasonably foreseeable the third party would receive the communication"). Therefore, the Court finds the *Peak* analysis unpersuasive.

Van Ru also argues that *Peak* is applicable because it is similar to the current case due to the following facts: (1) the message was heard by a third party as a result of the plaintiff's voluntary action; (2) the plaintiff's voicemail only identified the plaintiff as the hearer; (3) it was not reasonably foreseeable that a third party would hear the message (Dkt. #35 at p. 15). However, the Court finds that there are many similar cases where courts have applied strict liability. *See Thompson*, 2013 WL 3973976 at *9 (finding liability where collector left message on consumer's mother's machine, even though the plaintiff had given her mother's phone number and address to her creditors as her contact information); *Marisco*, 946 F. Supp. 2d at 296 (holding that the FDCPA violation claim was sufficiently pleaded where the plaintiff alleged that

---

[3] Van Ru also states that Reich's claim should fail under *Mostiller* because Reich has not alleged that "Van Ru left the message with any intent to embarrass him" (Dkt. #35 at p. 15). However, since the Court is not following the *Mostiller* line of case law, the Court finds that it is not necessary to address this factor.

a debt collector left a message at the plaintiff's residence and his mother overheard the message);

*Zortman v. J.C. Christensen & Assocs., Inc.*, 819 F. Supp. 2d 874, 879 (D. Minn. 2011) (finding

that the plaintiff adequately stated a claim where she accused the defendant of leaving messages

on her home and cell phone voicemails that were heard by her children and holding that to state a

claim under FDCPA, the plaintiff was not required to plead that the debt collector acted

deliberately or purposefully in making disclosures.); *Cordes v. Frederick J. Hanna & Assocs.*,

P.C., 789 F. Supp. 2d 1173, 1174 (D. Minn. 2011) (holding that section 1692c(b) has no scienter

requirement and applying the plain language of the statute in determining that the debt collector

was liable for third party disclosure where the debt collector left a message on the answering

machine that was heard by the debtor's two roommates); *Leahey v. Franklin Collection Serv.,*

*Inc.*, 756 F. Supp. 2d 1322, 1327-28 (N.D. Ala. 2010) (holding that consumer stated a claim for a

violation of section 1692c(b) where the debt collector left a message disclosing that it was

attempting to collect a debt and the message was overheard by a third party); *F.T.C. v. Check*

*Enforcement*, No. Civ. A. 03–2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005) (concluding

that the debt collectors engaged in prohibited communications with third parties by leaving

messages on a home answering machine that were overheard by third parties).[4]

    Van Ru argues that "[c]ongress intended the FDCPA to cause debt collectors to be very

careful in the way they communicate with consumers, but it did not intend the statute to

completely shut down all avenues of communication and force debt collectors to file a lawsuit in

order to recover the amount owed." (Dkt. #35 at p. 13 (citing *Peak*, 2015 WL 7862774, at *5;

---

[4] Van Ru contends that because it was not reasonably foreseeable to Van Ru that a third party would hear the message, and because the hearing was caused by Reich's own actions, "the message did not run afoul of § 1692c(b)." (Dkt. #35 at p. 15). The Court finds this argument unpersuasive because it goes to the reasonableness of the whether or not Van Ru could have known that the message would be heard by a third party. Additionally, Van Ru appears to be arguing that because Reich's work phone messages were particularly private, the case at hand is comparable to cases where messages have been left on home phone voicemails (Dkt. #41 at. However, as is clear from the cases cited above, cases involving messages left on home phone voicemails have also been found to violate the FDCPA. Therefore, the Court finds that this distinction is not persuasive.

*Clark*, 460 F.3d at 1169-70 ("Congress enacted the FDCPA to protect consumers from improper conduct and illegitimate collection practices without imposing unnecessary restriction on ethical debt collectors."))).  Van Ru states that

> [n]o matter how careful a debt collector is, however, there is always some risk a third party will intercept the communication.  Thus, a reasonable foreseeability standard should apply to § 1692c(b) claims such that communications are only deemed "with" a third party under § 1692c(b) if the debt collector knew or should reasonably have anticipated the communication would be heard or seen by a third party.  Importantly, the Federal Trade Commission ("FTC") contemplated and supports precisely such a standard.

(Dkt. #35 at p. 13 (citing FTC, Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50104 (Dec. 13, 1988))).  Van Ru contends that "FTC commentary recommends holding debt collectors liable for sending a message that is 'easily accessible to third parties,' but shielding them from liability if an 'eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard.'" (Dkt. #35 at p. 13) (citation omitted).  Van Ru points out that "although the FTC's construction of the FDCPA is not binding on the courts, because the FTC is entrusted with administering the FDCPA, its interpretation is to be accorded 'considerable weight.' (Dkt. #35 at p. 14 (citing *Chevron, U.S.A v. Natural Resources Defense Council, Inc.*, 467 U.S 837, 844 (1984) ("[w]e have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administer"))).  However, the Court agrees with the *Marisco* court that, because this interpretation does not address "whether a debt collector must plead non-intent as part of its bona fide error defense[,]" reliance on this authority is unpersuasive.  946 F. Supp. 2d at 296.  *See also Thompson*, 2013 WL 3973976, at *6 (stating that "[o]ther courts have consistently concluded that debt collectors may be liable under §

1692c(b) for attempting to collect debts by leaving voicemail messages that were inadvertently heard by third parties[,]" and citing eight other cases that found liability in such a case).

The Court agrees with Reich that "[Van Ru's] proposed foreseeability/negligence standard is not only incorrect and against well settled law, it is unnecessary (Dkt. #42 at p. 7 (citing *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001) ("The bona fide error defense exists as an exception to the strict liability imposed upon debt collectors by the FDCPA.")))._ Therefore, the intent analysis that Van Ru is advocating for is relevant to the Court's analysis of Van Ru's bona fide error defense, and not to whether or not there has been a violation of the FDCPA. "If violations of the FDCPA required deliberate or purposeful intent, then the bona fide error defense's 'not intentional' element would tend toward surplusage." *Morisco*, 946 F. Supp. 2d at 293 (citing *Zortman*, 819 F. Supp. 2d at 880). The Court agrees that to applying an intentionality/foreseeability analysis during the Court's initial determination of whether or not a FDCPA violation occurred would be repetitive, because this analysis is relevant to the bona fide error defense.[5]

Having determined that a strict liability standard applies, the Court must now turn to whether or not a violation of the FDCPA occurred. As previously stated, section 1692c(b) prohibits a debt collector from communicating with any person other than the consumer, his attorney or a consumer reporting agency in connection with the collection of a debt. *See* 15 U.S.C. § 1692c(b). Van Ru asserts that there is no proof that a third party actually heard the message. Van Ru points out that Reich's basis for stating that Sparlin heard the message was a

---

[5] The parties argue at length about the fact that Van Ru has a practice of warning consumers at the beginning of a message that the content of the message is personal when it contacts consumers in New York (Dkt. #36 at pp. 14-16). Reich argues that this suggests that Van Ru is aware of the risks of leaving voicemails with individuals who might listen to them in the presence of others (Dkt. #36 at pp. 14-16). Van Ru  maintains that "[t]he New York script varies from other jurisdictions because New York requires additional information to be included in a message" (Dkt. #37 at pp. 21-22). However, due to the fact that the Court is adopting the strict liability interpretation of the FDCPA, the Court finds that Van Ru's knowledge of the risk involved in leaving a voicemail message is irrelevant.

"non-verbal gesture" that Sparlin made after the message was played (Dkt. #35 at p. 13). The Court agrees with Van Ru that this evidence is inconclusive.  Therefore, the Court finds that neither Reich nor Van Ru have met their burden of demonstrating that there are no material issues of fact entitling them to judgment as a matter of law.  This issue should proceed to trial.

***Bona Fide Error Defense***

After a careful review of the record and the arguments presented, the Court is not convinced that Reich or Van Ru have met their burden demonstrating that there is no material issue of fact entitling them to judgment as a matter of law. This issue should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #35) and Plaintiff's Motion Summary Judgment (Dkt. #36) are hereby **DENIED**.

**SIGNED this 8th day of June, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE